## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**MARLON T. MYERS**                                                                         **PETITIONER**

**v.**                         **NO. 4:22-cv-00865-KGB-PSH**

**DEXTER PAYNE**                                                               **RESPONDENT**

## RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, petitioner Marlon T. Myers ("Myers") challenges the 2019 revocation of his probation and does so by means of a petition pursuant to 28 U.S.C. 2254.[1] It is recommended that this case be dismissed. The two claims raised in his petition involve the alleged violation of state law and are therefore not cognizable in this case. To the extent the claims involve the alleged violation of his federal constitutional right to due process, they warrant no relief.

The events giving rise to the revocation of Myers' probation were summarized by the Arkansas Court of Appeals. The summary is, in part, as follows:

> On March 11, 2018, Myers was charged with failure to appear, to which he pleaded guilty, and he entered a plea of no contest to the new charge of aggravated assault on a family member. Myers was sentenced to two years' imprisonment in the ADC with an additional four years' suspended imposition of sentence to run concurrently with his existing sentences, and he was ordered to have no contact with Shameer Flanigan. Myers was ordered to pay court costs. In July 2018, Myers was released from the ADC.

---

[1] Myers characterizes the case at bar as involving his challenge to the revocation of his suspended sentence. Because the state courts repeatedly referred to the state court proceedings as involving his challenge to the revocation of his probation, the undersigned will refer to the proceedings in the same manner.

>In April 2019, the State filed a petition to revoke Myers's probation alleging that Myers had violated the no-contact order and failed to pay fines. On August 15, Myers filed a motion to dismiss the petition to revoke arguing that the required hearing within sixty days of filing the petition had not occurred, and he should be released. The circuit court held a hearing on the matter the next day. Myers testified that he had been arrested on May 25, 2019, on the petition to revoke warrant and other misdemeanor charges, and his attorney advised him to refuse the State's offer regarding the misdemeanor charges until he went to trial on the petition to revoke. Myers explained that he had been incarcerated for over sixty days without a hearing on the petition to revoke; thus, the petition should be dismissed. The circuit court denied the motion, finding that Myers was in jail for the district court charges as well as the petition to revoke; therefore, the sixty-day period did not begin until he was no longer being held on the district court charges.
>
>Immediately after the hearing on the motion to dismiss, the circuit court addressed the petition to revoke. The State entered a payment ledger into evidence showing that Myers was $815 in arrears on fines, fees, and costs. The only witness, Officer Michael Coder of the Fort Smith Police Department, testified that in January, he was dispatched to investigate a possible stabbing. When Coder arrived at the scene, he found Myers receiving medical attention for neck and back wounds, and Myers stated that Shameer Flanigan had stabbed him.
>
>The circuit court revoked Myers's probation, finding that the State had proved he violated the terms of his suspended sentence to pay fines, fees, and costs as ordered and to have no contact with Shameer Flanigan. Myers was sentenced to ten years' imprisonment in the ADC followed by an additional four years' suspended imposition of sentence. ...

See Myers v. State, 2021 Ark. App. 449, 2021 WL 5349923, 1-2 (2021).

Myers appealed the revocation of his probation. The state Court of Appeals found no reversible error and affirmed the revocation of his probation. See Myers v. State, 2020 Ark. App. 460, 608 S.W.3d 635 (2020).

Myers thereafter filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, a petition in which he challenged the legal representation afforded him in the probation revocation proceeding. The state Court of Appeals summarized the petition, and the state trial court's treatment of the petition, as follows:

> On December 8, 2020, Myers filed a Rule 37 petition claiming ineffective assistance of counsel. See Ark. R. Crim. P. 37.1. Myers's petition focused on the motion to dismiss the revocation petition that his attorney filed at his insistence and was denied by the circuit court. Myers contended that the district court attorney representing him on the new criminal charges advised him to refuse the State's plea offer on the pending charges stemming from his May 2019 arrest because his acceptance could be used against him at the hearing on the petition to revoke. Myers asserted that counsel told him that "they have sixty days from the date of arrest to have a petition to revoke hearing by law," and he should accept the plea after that. Myers's hearing on the new charges was set for August 14, and his revocation hearing was scheduled for August 15. On July 22, Myers sent counsel representing him on the petition to revoke, Nancy Pryor, a letter requesting that she file a motion to dismiss. Myers explained that pursuant to Ark. Code Ann. 5-4-310(b), the court was required to hold a hearing on the petition to revoke within sixty days and that the hearing was set after the sixty-day deadline (which was July 24). On August 12, counsel responded by email, explaining that

> [t]he misdemeanor charges in city court that you have, including the criminal mischief charge, are NOT part of the PTR and are not alleged as violations in the PTR. Matt Davis is your attorney in that case, and you will need to discuss that case directly with him. No sentence that you might receive Aug. 14 will satisfy your PTR sentence, and neither will you be found innocent of those charges.

Pryor explained that the State had offered him four years' incarceration in the ADC and that his exposure if he let the circuit court sentence him was up to eighteen years. Myers asserted that he instructed Pryor to file a motion to dismiss the revocation proceedings despite her explanation that the sixty days would not begin to run until after the charges had been adjudicated. Pryor filed the motion as requested on August 14, and the circuit court denied it. Myers contended that Pryor mishandled the motion to dismiss and this caused him to suffer prejudice; namely, that the circuit court revoked his probation, and the sentence handed down after the motion to dismiss was erroneously denied was unconstitutional.

The circuit court denied his petition, finding that Pryor was not ineffective for filing the motion to dismiss that Myers insisted she file and that was meritless. In the order, the court reasoned that Myers had "multiple misdemeanor charges out of district court that had not been disposed of during the filing of the petition to revoke." The court found that Pryor had correctly advised Myers that the sixty days would not begin to run until the district court charges had been resolved. The day after the misdemeanor charges were adjudicated in district court, the circuit court addressed the petition to revoke, well within the sixty-day time limit, which did not begin to run until the district court charges were resolved. ...

See Myers v. State, 2021 5349923, 2.[2] The state Court of Appeals affirmed the denial of Myers' Rule 37 petition, finding that he failed to show counsel provided ineffective representation.

Myers then began this case by filing the petition at bar. In the petition, he advanced two claims built upon the following assertion: the hearing on the petition to revoke his probation violated Ark. Code Ann. 16-93-307(b) as the hearing was not held within a reasonable period of time not to exceed sixty days after his arrest. Myers first alleged that his incarceration is illegal because the hearing occurred eighty-two days after his arrest. Second, he alleged that the state trial court lacked jurisdiction, again because the hearing occurred eighty-two days after his arrest.

Respondent Dexter Payne ("Payne") filed a response to the petition. In the response, Payne maintained that the petition should be dismissed because Myers' claims involve the alleged violation of Ark. Code Ann. 16-93-307(b) and are not therefore cognizable in this case. Payne additionally maintained that the claims are procedurally barred from federal court review and, alternatively, warrant no relief.

---

[2]   Ark. Code Ann. 5-4-310(b), cited by the state Court of Appeals in its decision, was replaced by Ark. Code Ann. 16-93-307(b). The latter statute provides that a revocation hearing shall be held "within a reasonable period of time after the defendant's arrest, not to exceed sixty (60) days."

Myers filed a reply in which he maintained that the violation of Ark. Code Ann. 16-93-307(b) encroached upon his federal constitutional right to due process, a right he attempted to assert in appealing the revocation of his probation.[3] In light of the fact that he attempted to assert the right on appeal, he maintained that his claims are not procedurally barred from federal court review. He additionally maintained that they warrant relief because there was an unreasonable delay between his arrest and the hearing to revoke his probation.

It is axiomatic that "federal habeas corpus relief does not lie for errors of state law." See Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Instead, a federal court is limited to determining whether a conviction, or in this instance the revocation of probation, violates the Constitution, laws, or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62 (1991).

Myers' two claims are built upon the same assertion: the hearing on the petition to revoke his probation violated Ark. Code Ann. 16-93-307(b) as the hearing was not held within a reasonable period of time not to exceed sixty days after his arrest. To the extent the claims involve the alleged violation of state law, they are not cognizable in this case.

---

[3] Myers represented that he raised the right in the pro se points for reversal he filed after his attorney had filed a no-merit brief on appeal. The state Court of Appeals, though, never addressed the points. See Myers v. State, 608 S.W.3d at 637, n.1.

Liberally construing Myers' petition, it is possible to construe his claims as alleging the violation of his federal constitutional right to due process. Although construing his claims in such a manner likely gives rise to a procedural bar problem, the undersigned will bypass that problem and simply address the merits of his claims. See Stephens v. Norris, 83 F.3d 223 (8th Cir. 1996) (court may bypass potential procedural bar morass and address merits of claims). Given the facts as found by the state courts, his claims warrant no relief.[4]

Payne concedes, as he must, that a defendant facing the revocation of his probation must receive a hearing "within a reasonable time" after being taken into custody pursuant to a warrant issued for the alleged probation violation. See Docket Entry 17 at CM/ECF 14. The failure to hold a hearing within a reasonable time violates the defendant's Fourteenth Amendment right to due process. See Morrissey v. Brewer, 408 U.S. 471 (1972); Kartman v. Parratt, 535 F.2d 450 (8th Cir. 1976).

---

[4]    28 U.S.C. 2254(e)(1) provides, in full, the following:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The state courts' determination of the factual issues is presumed to be correct as Myers has not rebutted the presumption of correctness by clear and convincing evidence.

Here, the state courts found that Myers was detained in May of 2019 on a petition to revoke his probation. Were the petition the only reason he was detained, this case would present a closer question because a hearing on the petition was not held until August of 2019. The petition, though, was not the only reason he was detained. The state courts found that he was also detained on other misdemeanor charges. The day after those charges were resolved, a hearing on the petition was held. The state courts therefore found that he was only detained one day on the petition before a hearing was held. Given those facts, the undersigned is not prepared to find that his federal constitutional right to due process was violated.[5]

Given the foregoing, it is recommended that Myers' petition be dismissed, all requested relief be denied, and judgment be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Myers cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

---

[5] In Cervantes v. Mississippi County Detention Center, No. 3:17-cv-00081-JM-JJV, 2019 WL 5700040 (E.D. Ark. Oct. 16, 2019), report and recommendation adopted, No. 3:17-cv-00081-JM, 2019 WL 5693730 (E.D. Ark. Nov. 4, 2019), the plaintiff maintained that he was denied a preliminary hearing following his arrest on a petition to revoke his probation. Although Cervantes is factually distinguishable from the case at bar, it is worth noting that his claim failed, in part, because he was being held simultaneously on other charges.

DATED this 17th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE